Battle, J.
 

 We do not agree in the opinion expressed by his Honor in the Court below, that the suit ought to have been brought in the name of the State. The
 
 26th
 
 section of the 54th chapter of the Revised Code, prescribes that “ all sales, hirings or rentings by guardians, shall be made and conducted in the same manner and under the same rules and regulations, and the same penalties for disobedience as prescribed for sales made by administrators.” It is admitted that a penalty was incurred by the defendant, as guardian, for a violation of the provisions of this section, and the only question is, in whose name is it to be recovered. We think the reference to the act, in relation to administrators, makes that the rule, not only as to the amount of penalty, but also as to the person who is to sue for the same, and the use to which he is to apply the recovery. By turning to that act, then, we find that the penalty given for its violation is two hundred’ dollars, which is to be forfeited and paid
 
 “
 
 to any person suing for the same-.” The forfeiture thus prescribed, clearly creates an action popular, which has always been brought in the name of the person who thought proper to sue for the penalty, If the recovery were for his sole use, his name, alone.
 
 *319
 
 appeared as plaintiff in the suit; but if part of the recovery were given to the State, then the action, although in his name, was called a
 
 qni tam
 
 action, became it was stated in the writ and declaration, that he sxred as well for th§ State as for himself.
 
 Qui tam
 
 actions for usury have always been so brought, because the statute gives the penalty, “ the one moiety to the State and the other to him, who will sue for the same.”
 

 The rule thus established, for the manner in which suits for penalties are to be brought, is not varied by the new provisions contained in the 47th and 48th sections of the 35th chapter of the Revised Code. These sections prescribe that “ where a penalty may be imposed by any law passed, or hereafter to be passed, and it shall not be provided by the law to what person the penalty is given, it may be recovered by any one who will sue for the same and for his own use,” and “ whenever any penalty shall be given by statute, and it is not prescribed in whose name suit therefor may be commenced, the same shall be brought in the name of the State.”
 
 We
 
 cannot believe that these provisions were intended to apply to actions popular, that is, to actions expressly
 
 “
 
 given to any one who will sue for the same.” The rule, applicable to cases of this kind, was, as we have already seen, well established and uniformly adopted in practice. There was another class of cases where a penalty was annexed to a specified violation of the law, without saying to whom it should be forfeited and paid; or who might recover it. Instances of both classes are to be found in the act contained in the Revised Code concerning
 
 “
 
 marriage.” The 6th section of the act (see ch. 68) gives a penalty of two hundred dollars for the offences therein mentioned, “ one half to the use of him who will sue for the same, and the other half to the use of the county wherein the offence is committed.” While the 13th section says, that for the offence therein referred to, “ thepersonso offending shall forfeit and pay one thousand dollars.” Under the latter section the suit must, undoubtedly, be brought in the name of the State, but the person who brings it will, by virtue of 47th and 48th sections of the 35th chapter -of the Revised Code, recow
 
 *320
 
 er the penalty for his own use, (see
 
 Caroon
 
 v. Rogers, 6 Jones 240). It is equally clear, in our opinion, that the penalty given by the 6th section
 
 o£
 
 the 68th chapter, must be brought in the name of the person who sues for it, inserting, though, the
 
 qui tarn
 
 clause, because a part of the recovery is- given to-the county wherein the offence was committed.
 

 The result of our opinion is, that the judgment of nonsuit must be reversed, and a judgment be entered in favor of the-plaintiff for the penalty of two hundred dollars, according to the verdict of the jury.
 

 Per Curiam,
 

 Judgment reversed.